UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSE R. DOZIER,

                Plaintiff,

v.

CAPTAIN VANDERWERFF,
DR. TOBIASZ, DR. MCLAREN,
CAPTAIN RYMARKIEWICZ,
LT. LARSEN, LT. WENZEL,
LT. SCHNEIDER, C.O. LUNDE,
C.O. II GILL, C.O. II BEAHM, and
C.O. III LARSON,

                Defendants.

Case No. 13-CV-1440-JPS

ORDER

      Plaintiff Jesse R. Dozier, a Wisconsin inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging that the defendants—various employees of Waupun Correctional Institution in Waupun, Wisconsin—knowingly relegated him to a cell "covered with feces" for approximately two days (Docket #1, ¶¶ 5-40), thereby cruelly and unusually punishing him ("Claim One") and denying him procedural due process ("Claim Two") (*Id.* at p. 9).

      In connection with his complaint, Plaintiff seeks leave to proceed *in forma pauperis*. (Docket #2).[1] The court is required to screen complaints filed by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[A]ny portion of the complaint" that "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant

---

[1] In accordance with 28 U.S.C. § 1915(b)(1), the plaintiff has been assessed and has paid the requisite initial partial filing fee.

who is immune from such relief" must be dismissed by the Court. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading protocol, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). His statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). In other words, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Having reviewed Plaintiff's factual allegations (Docket #1), the Court will allow him to proceed on Claims One and Two.[2]

Also before the Court is Plaintiff's threadbare motion asking the Court to recruit counsel to represent him. (Docket #4). Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th

---

[2] With regard to Claim Two, the Court is mindful that Plaintiff's claim may sound under the *Fourteenth Amendment* (rather than the Eighth Amendment) if he was a *pretrial* detainee at the time of the alleged incident. *See generally, Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012).

Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to obtain private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288.

The Court finds nothing in the record indicating that Plaintiff has unsuccessfully attempted to obtain private counsel. Therefore, Plaintiff's motion for the recruitment of counsel (Docket #4) will be denied.

Finally, the Court directs the attention of Wisconsin's Attorney General to filings in this case suggesting that Plaintiff is subject to a "paper restriction" so expansive that he is effectively prevented from litigating this case. (Docket #9 and #11). If true, any "paper restriction" must be structured to allow Plaintiff to litigate this case.

Accordingly,

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the United States Marshal shall serve a copy of the complaint (Docket #1) and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

IT IS FURTHER ORDERED that the defendants shall file a responsive pleading to the complaint;

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $341.81 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined;

IT IS FURTHER ORDERED that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect only at Waupun Correctional Institution and Green Bay Correctional Institution. Therefore, if the plaintiff is transferred to a non-participating institution or released, he will be required to submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Appointment of Counsel" (Docket #4) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 3rd day of March, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge